Simon Strauss et al.

*v.*

The Casey Machine and Supply Company et al.

[Argued February Term, 1905.  Decided April 4th, 1905.]

1. Exceptions to a final account of the receiver of an insolvent corporation will not be considered if they relate to matters which could have been urged against making the decree of insolvency, or upon an order to show cause why a. previous account of the receiver should not be set aside, obtained by the exceptant.

2. The account now presented, being unsupported by sufficient vouchers, will be referred to a master, by an order excluding from consideration every matter adjudicated upon in the decision of the order to show cause and the confirmation of the report on the previous accounts of the receiver.

An order to show cause why the account of Henry D. Leslie, receiver in this cause, should not be confirmed and said receiver discharged, was brought to hearing and heard in December last.

An examination of the files of the court discloses that there was a decree of insolvency of the defendant company in September, 1890, and Leslie was appointed receiver.

On July 18th, 1891, the receiver filed an account, to which no exception appears to have been taken.

On September 3d, 1895, the receiver filed another account, and by an order as of September 30th, 1895, the accounts were referred to a master to audit and report upon.

The master's report was filed October 4th, 1897.

To his report Jeremiah Casey, a stockholder, filed "protests and exceptions," not signed by solicitor, or by counsel, or by himself. No motion was made to take from the files the so-called protests and exceptions, which were expressed in objectionable language. There was no motion to confirm the master's report immediately made.

On October 18th, 1900, an order to show cause was made (on an affidavit of Jeremiah Casey), requiring the receiver to show cause why he should not give a correct, complete and full report as receiver; why his report before rendered should not be set aside as incomplete, insufficient and incorrect, and why the master's report thereon should not be set aside and refused confirmation. Other matters were also included in the order.

The matter was heard December 10th, 1900. A memorandum of conclusions was filed January 2d, 1901. On February 1st, 1901, the order to show cause was discharged, and on motion on behalf of the receiver, the master's report was confirmed and an allowance to the receiver for his services was made.

By the report which was thus confirmed it appeared that after the allowance for receiver's services there was a balance of cash in the receiver's hands of $1,272.66.

On October 3d, 1904, the receiver filed an account as a final account, and asked for its confirmation and for his discharge from his trust. By this account the receiver has charged himself with the balance of $1,272.66, and with no other receipts or collections, and claims allowance for disbursements made by him to a greater amount. There was an order to show cause, with a direction for notice, &c.

*Mr. Isaac S. Taylor,* for the receiver.

*Mr. O. Bancroft Gould,* for the respondent.

MAGIE, CHANCELLOR.

Upon the hearing of this order Jeremiah Casey presented a voluminous document, intended, it is presumed, to present his objections. An examination of it discloses no objection except such as could have been urged in this court against the making of the decree of insolvency, or upon an appeal from that decree, or such as were and could have been presented under the order to show cause obtained by him on October 18th, 1900. All those matters have been considered and adjudicated upon, and the objections are not pertinent upon the present application.

Other exceptions were filed by a solicitor of this court for Bertha Engelking, formerly Bertha Ehard, claiming to be a stockholder of the insolvent corporation. She excepts (1) because the allowance claimed for the receiver's personal expenses is excessive; (2) because debts of the insolvent company do not appear to have been paid; (3) because the allowance claimed for fees paid to one Brown as counsel for the receiver is not shown to have been an allowance proper to be made; (4) because the receiver does not show that certain of the assets, consisting of book accounts against various parties, have been collected, or were uncollectible; and (5) because the receiver has not enforced the liability of the stockholders of the company for their stock, or such sums as remain unpaid thereon.

It is contended that the receiver is not entitled to a discharge under these circumstances.

I think these exceptions, if presented by a person interested, require the receiver's account now presented to be passed upon by a master.

The files of the court show that ten out of one thousand shares of the stock of the insolvent corporation were held by J. Ehard, Jr., on which $850 only has been paid, leaving $150 due. The exceptant claimed to be a representative of said stockholder, who has since deceased. Upon a reference and proof of her being entitled to said shares, her exceptions must be considered.

While I regret to be obliged to protract this litigation by a reference, and upon exceptions which, there is reason to suppose, may result, if successful, in a very small and perhaps infinitesimal benefit to exceptant or to any stockholder or creditor, yet I am constrained to say that the receiver's account is not presented so as to require confirmation against objections. The allowance he claims for personal expenses is not accompanied by a sworn voucher of their actual payment. The allowance claimed for payment of counsel fees to Mr. Brown is supported by no voucher or proof. It is within the knowledge of the court that the receiver was appointed ancillary receiver in the State of New York, where the property of the insolvent corporation was, and there is good ground to infer that this payment to counsel was in respect to litigation in that state, extending over a number of years. But a court cannot discharge from his trust a receiver, except upon an accounting.

It may be further suggested that a receiver ought not to be discharged until he discloses whether there are debts of the insolvent corporation remaining unpaid, and whether any more of the assets have been or could have been collected for the payment of debts, and also whether the receiver in this case was bound to enforce the liability of the stockholders for the amounts unpaid upon their stock.

The result is that an order of reference will be made, but the order will be so made as to exclude every matter adjudicated upon February 1st, 1901, by the discharge of Casey's order to show cause and by the confirmation of the master's report upon the previous accounts of the receiver.